R. L. BRAWLEY v. THE STATE.

No. 8592. Delivered January 7, 1925.

Rehearing denied February 20, 1925.

**Passing Forged Check—Charge of Court—Restricted to Issues Raised by Evidence.**

Where, in a trial for passing a forged check, appellant himself had testified that he had no recollection of ever having been in the bank, or of the transaction in which the check was passed, it was not error for the trial court to refuse a requested charge to the effect, that if appellant believed he had made a deposit, and drew the check believing that he had an account at said bank to acquit him. No such issue was presented by any evidence in the case.

Appeal from the District Court of Shackelford County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for passing a forged check; penalty, two years in the penitentiary.

The opinion states the case.

*J. Lee Cearly,* of Cisco, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant has been condemned to the penpenitentiary for· two years for passing a forged check for $19.50, drawn on the Albany National Bank, payable to L. S. Hollowell, and purported to be signed by R. L. Boren.

Hollowell was in the hardware business in the town of Albany. Miss McCasaland was working in said store. Appellant went into the store to buy some articles and passed the check in question to Miss McCasaland. Hollowell came into the store later and learning of the transaction telephoned to the bank ·ascertaining that there were no funds in the bank to the credit of Boren. He went out on the street and found appellant, who insisted that he had the· money in the bank. The assistant cashier in the bank testified that a short time before the check in question was passed appellant had come into the bank and desired to draw a draft in his favor against a bank at Cisco; that witness prepared the draft and advised appellant that it would be necessary for him to get some endorsers; that appellant stepped outside and returned in a short time with the names of some parties on the draft, none of which the assistant cashier knew. Appellant told a remarkable story about the matter, saying that as he was coming into the town of Albany on the day of the transaction he met a stranger at a bridge near town who offered to sell appellant some liquor, that upon declining to purchase, the stranger, by persistent efforts, over-persuaded appellant to take a couple of drinks after which he had an entire lapse of memory, which he did not recover until he found himself at the court house after having been arrested on this charge. He claims to have no recollection of going to the bank and representing himself as Boren, nor of going into the hardware store, nor of passing the check in question.

The only bill of exception in the record complains of the refusal to give a requested charge which was as follows:

"Gentlemen of the Jury:—You are charged as a part of the law in this case if you believe from the evidence the defendant attempted to pass said check in question, that he having gone to the Albany National Bank, and did believe that he had made a deposit, and drew the check believing he had an account at said bank, you shall acquit, and in the event you have a reasonable doubt as to whether he thought he had such an account you will resolve such a doubt in favor of the defendant and find him not guilty, and so say by your verdict." It occurs to us that the requested charge is palpably upon the weight of the evidence. It may be conceded that it was not the intention of the attorney drawing it to give it such effect,

but it seems to us to tell the jury that appellant having gone to the bank in question and believing he had made a deposit there drew the check so believing, and that if the jury found that appellant passed the check under such circumstances, they should acquit him. If the requested charge is not subject to the criticism just suggested the court nevertheless was perfectly justified in declining it. From a close inspection of the evidence before us we have been unable to discover any testimony raising such issue. It is certain that no evidence introduced by the State indicated that appellant had any reason to believe he had a deposit at the bank upon which the check was drawn, and appellant himself asserts upon the **trial** that he had no recollection of ever having been in the bank, **or of** the transaction in which the check was passed. We are entirely at a loss to understand how appellant could pass it, believing the existence of matters which he claims to have no knowledge or recollection of.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*